DECISION AND JUDGMENT ENTRY
{¶ 1} On July 22, 2004, "plaintiffs," Victoria Lynn Bird, Trustee, et al., filed a "Complaint for Declaratory Judgment" against Kenneth G. Kennedy, David Downward, Herbie Howard, and Mike Howard. The "first cause of action" seeks an action in quo warranto, against board members regarding allegedly elected board members of the Concordia Condominium Association, Inc., d/b/a Hidden Cedars. Doug Dymarkowski subsequently filed a motion to withdraw as counsel. Plaintiffs Kenneth R. Kruse, Robert K. Salisbury, and Ruth Lowry have filed motions dismissing them from the suit, stating that they were "not consulted about and did not consent to being named Plaintiffs." Although styled as a complaint for declaratory relief, as plaintiffs seek the extraordinary remedy of quo warranto, we will treat it as an original action. Since it was not brought by proper parties, however, it must be dismissed.
 {¶ 2} R.C. 2733.01 provides that a "civil action in quo warranto may be brought in the name of the state: (A) Againsta person who usurps, intrudes into, or unlawfully holds orexercises a public office, civil or military, or a franchise, within this state, or an office in a corporation created by the authority of this state." (Emphasis added.) In order to bring an action against a private corporation under this statute, the state attorney general or a prosecuting attorney must institute the quo warranto action. See State ex rel. Morris v. Sotlez,
11th Dist. 2002-T-0016, at ¶ 13 and Lorince v. Romerock, Inc.
(Dec. 7, 2001), 11th Dist. No. 2001-A-0047, citing to State exrel. Coyne v. Todia (1989), 45 Ohio St.2d 232, 237. A private citizen may only bring the action by himself, or with the assistance of an attorney, when that citizen claims entitlement to a public office which is unlawfully held by another. R.C.2733.06; State ex rel. Coyne, supra; Lorince, supra.
 {¶ 3} In this case, plaintiffs are private parties attempting to bring an action in quo warranto against members of the Concordia Condominium Association, Inc., alleged to be a private corporation incorporated and authorized under the laws of Ohio. Plaintiffs are not claiming entitlement to a public office which is unlawfully held by another and, therefore, have no right to file a direct action to enforce the condominium election results. Plaintiffs' claims must be filed by the attorney general or a prosecutor.
 {¶ 4} Accordingly, we sua sponte dismiss this original action. Douglas Dymarkowski's motion to withdraw as counsel and the motion to dismiss filed by Kruse and Salisbury are moot. Court costs assessed to plaintiffs.
Writ Dismissed.
Handwork, P.J., Knepper, J., Lanzinger, J., concur.